## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

JOHANNA BYRER, on behalf of herself  
and others similarly situated,           )  
                                                  )  
               Plaintiff,           )  
                                                  )  
   v.                                    )  
                                                 )  
UNIVERSAL SURVEY CENTER, INC.,  )  
                                               )  
               Defendant.           )

## COMPLAINT-CLASS ACTION

### INTRODUCTION

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. case against Universal Survey Center, Inc., which seeks to secure redress for improper telemarketing or other survey or poll taking phone calls to Plaintiff's cell phone, including multiple calls after Plaintiff requested that they stop and indicated that she was not interested in what Defendant was calling about.

2. Plaintiff seeks damages for herself and a class, and an order enjoining future illegal telemarketing activity.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because a substantial portion of the events that led to this cause occurred within this district.

### PARTIES

5. Plaintiff is a natural person and a resident of this District.

6. Defendant UNIVERSAL SURVEY CENTER, INC. ("UNIVERSAL") is a corporation organized and existing pursuant to the laws of the State of New York which is primarily engaged in the business of performing telephone surveys for clients seeking to collect data for various marketing and political purposes. It does business in Colorado.

**FACTS**

7. UNIVERSAL has called Plaintiff's cellular telephone numerous times within the one year immediately preceding the filing of this complaint.

8. For example, UNIVERSAL called Plaintiff's cell phone on April 22, 2014 at 8:43 p.m., April 23, 2014 at 6:17 p.m., April 24, 2014 at 8:34 p.m., April 25, 2014 at 8:32 p.m., April 26, 2014 at 1:33 p.m., April 27, 2014 at 3:59 p.m., April 27, 2014 at 7:12 p.m., April 28, 2014 at 4:08 p.m., April 28, 2014 at 7:12 p.m., April 28, 2014 at 8:39 p.m., and May 1, 2014 at 6:46 p.m..

9. The caller ID for these calls was 646-467-6665.

10. For some or all of the calls, UNIVERSAL used an auto-dialing mechanism wherein there was no caller on the line when Plaintiff answered. On only one occasion of a phone call was a person available to speak to Plaintiff.

11. These phone calls were, according to the callers, for marketing purposes or for purposes of taking surveys of consumers to gather data.

12. When one calls 646-467-6665, a prerecorded message says that the caller has reached "Universal Survey Center, a marketing and political research company."

13. Plaintiff did not consent to these calls.

14. Plaintiff asked that the calls stop and told the representatives on the line that there was no interest, but UNIVERSAL continued to dial his cell phone using its autodialer.

15. Plaintiff and the class have been substantially damaged by Defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

16. Plaintiff's cell phone plan is "pay by the minute."

17. Defendant's violations were willful, or alternatively they were knowing; particularly a call that occurred after Plaintiff asked that they stop and indicated that she was not interested.

## COUNT I – TCPA

18. Plaintiff incorporates all previous paragraphs.

19. UNIVERSAL violated the TCPA by placing automated calls to Plaintiff and the class members' cell phones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party.

20. UNIVERSAL has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

21. UNIVERSAL'S violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

22. Plaintiff brings this claim on behalf of a class and a subclass, consisting of:

All persons who, on or after April 22, 2010, defendant called a cell phone number using predictive dialing equipment and/or a prerecorded or artificial voice where defendant did not obtain the phone number called from the called party, with respect to the subject

matter of the alleged debt being collected. Plaintiff alleges a subclass of persons who received calls after a demand that calls stop.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

24. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

   a. Whether UNIVERSAL used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue;

   b. Damages, including whether the violations were negligent, willful or knowing.

25. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

26. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

27. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

28. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

29.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

## JURY DEMAND

30.     Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against UNIVERSAL for:

   A.    Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

   B.    An injunction against further violations;

   C.    A declaration that the equipment used by ANTHEM is regulated by the TCPA;

   D.    Costs of suit;

   E.    Reasonable attorney's fees as part of a common fund, if any;

   F.    Such other or further relief as the Court deems just and proper.

              Respectfully submitted,
              **JOHANNA BYRER**


          By: <u>   s/ Larry P. Smith            </u>
             Attorney for Plaintiff

<u>Dated: May 28, 2014</u>


Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:   lsmith@smithmarco.com